CROSS, Judge,
dissenting:
I respectfully dissent.
Appellant herein is seeking review of an order which determined a deceased husband’s estate was liable for continued alimony payments to the former wife, the appellee herein, to be paid in a lump sum of $50,000. The question of liability of the estate for the alimony payments was initially determined in an order entered September 4, 1975, in which order the court reserved ruling as to the amount of alimony. The property settlement entered into between the parties and incorporated by reference into the final judgment of divorce provided that the husband would pay to the wife permanent alimony of $850 per month until she becomes remarried or deceased.
Where a divorce decree or property settlement agreement expressly provides for the continuance of payments of alimony until the death of the wife, then the husband’s estate remains liable for the obligation in the same manner as it is liable for any other legitimate obligation outstanding at the time of death. Alimony payments cannot be increased either retrospectively or prospectively after the death of the husband. Johnson v. Every, 93 So.2d 390 (Fla.1957).
In the instant case, the trial court determined that the husband’s estate was liable for alimony payments to the former wife. No appeal was taken from that order. Subsequently, an order was entered determining the amount of alimony, and reincorporated the liability for the estate for payments of alimony. This order erroneously alters the amount of alimony as fixed in the property settlement and final divorce decree, and therefore is void and should be *859 reversed. The question of the liability of the estate for payment of alimony having been previously determined, from which no appeal was taken, is not properly before the court and should be dismissed as untimely.